UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| KEVIN J. PHILLIPS,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, doing business as Wells Fargo Home Mortgage, and ROBERT ROHRICHT, personally and individually and in his capacity as an employee/agent of Wells Fargo,<br><br>Defendants. | Case No. 08-CV-4686 (PJS/FLN)<br><br>ORDER ON DEFENDANT WELLS FARGO BANK'S MOTION FOR PARTIAL SUMMARY JUDGMENT |

Jesse Gant, III, JESSE GANT, III, ATTORNEY AT LAW, PA, for plaintiff.

Susan Ellingstad and Anna M. Horning Nygren, LOCKRIDGE GRINDAL NAUEN, PLLP, for defendants.

Plaintiff Kevin J. Phillips, who is African-American, contends that defendant Wells Fargo Bank ("Wells Fargo") fired him because of his race and in retaliation for his having complained of race discrimination. Phillips also contends that defendant Robert Rohricht, a Wells Fargo manager, punched him during a business meeting, and that Wells Fargo is liable for that punch. Wells Fargo moves for summary judgment. The Court grants in part and denies in part Wells Fargo's motion.

The Court grants Wells Fargo's motion with respect to Phillips's retaliation claim under 42 U.S.C. § 1981. To prevail on such a claim, Phillips must establish that he complained to Wells Fargo of race discrimination and was fired in retaliation for that complaint. *See King v. Hardesty*, 517 F.3d 1049, 1064 (8th Cir. 2008). The evidence is undisputed that a Wells Fargo manager, Eric Carlson, decided to fire Phillips soon after Carlson observed an altercation

between Phillips and Rohricht at a company meeting. Carlson Aff. ¶¶ 8-10 [Docket No. 20]. At Carlson's direction, a different Wells Fargo employee, Derek Harold, notified Phillips that he had been fired. *Id.* ¶ 13; Ellingstad Aff. [Docket No. 19] Ex. 6.

There is no evidence that Phillips complained to Carlson, Harold, or anyone else of race discrimination. Phillips did complain to a trainer, Beth Dreissig, that Rohricht punched him. Gant Aff. [Docket No. 26] Ex. A ("Phillips Aff.") ¶ 8 ("I complained to trainer, Beth Dreissig about Rohricht hitting me on the head, but nothing was done."). But, as Phillips's counsel conceded at oral argument, Phillips did not tell Dreissig that he believed that Rohricht had punched him *because of his race*. *See* Dreissig Aff. [Docket No. 22] at ¶ 15. Because the record, viewed in the light most favorable to Phillips, contains no evidence that Phillips complained to anyone at Wells Fargo of race discrimination before he was fired, his retaliation claim must be dismissed. *See Hunt v. Neb. Pub. Power Dist.*, 282 F.3d 1021, 1028 (8th Cir. 2002) (holding that plaintiff's retaliation claim under Title VII failed where plaintiff provided no evidence that she opposed an employment practice made unlawful by Title VII).

The Court also grants in part Wells Fargo's motion with respect to Phillips's tort claims related to the alleged punch. Under Minnesota law, "an employer is vicariously liable for the torts of an employee committed within the course and scope of employment." *Schneider v. Buckman*, 433 N.W.2d 98, 101 (Minn. 1988). Tortious actions by an employee are within the course and scope of employment — and hence give rise to vicarious liability — only if those actions are "foreseeable, related to and connected with acts otherwise within the scope of employment." *Frieler v. Carlson Mktg. Group, Inc.*, 751 N.W.2d 558, 583 (Minn. 2008) (internal quotation marks omitted).

Because foreseeability is a question of fact, Phillips must present evidence from which a reasonable jury could conclude that Rohricht's alleged act of punching Phillips in the head was foreseeable. *See id.* at 584 ("[T]o survive summary judgment on a claim that an employer is liable for an employee's intentional tort under the doctrine of respondeat superior, the plaintiff must present sufficient evidence to raise an issue of fact with respect to the foreseeability of such misconduct by the employee."). Phillips offers no such evidence. To the contrary, Phillips himself testified that he was "in shock" after the punch because "you do not hit people in a corporate setting." Ellingstad Aff. Ex. 2 ("Phillips Dep.") at 104. Without evidence that it was foreseeable that Rohricht would punch Phillips, no reasonable jury could find Wells Fargo vicariously liable for Rohricht's tortious actions.

In his brief, Phillips also argued, albeit cursorily, that Wells Fargo could be liable for Rohricht's alleged punch because Wells Fargo ratified the action. Pl. Mem. Opp. Defs. Mot. Partial S.J. at 26 [Docket No. 25]. To support this argument, Phillips cited only Minn. Stat. § 549.20, which provides that an employer can be liable for punitive damages for an employee's misconduct if the employer (or someone who "was employed in a managerial capacity with authority to establish policy and make planning level decisions for the [employer] and was acting in the scope of that employment") "ratified or approved" a tortious act that showed "deliberate disregard" for the rights or safety of others "while knowing of [the act's] character and probable consequences." Minn. Stat. § 549.20 subd. 1 & subd. 2(c)-(d). Thus, although Phillips asserted a ratification claim, he said nothing about *why* Wells Fargo should be held liable for ratification.

In its reply brief, Wells Fargo said nothing about why it should *not* be held liable for ratification. Wells Fargo noted that Phillips "argues that Wells Fargo 'ratified or condoned' Mr.

Rohricht's conduct," and Wells Fargo pointed out — correctly — that in support of that argument, Phillips had relied only on Minn. Stat. § 549.20. Def. Reply Mem. at 10 [Docket No. 28]. Then Wells Fargo argued: "Although Wells Fargo adamantly disagrees that Plaintiff could meet his burden to assert a claim for punitive damages, that is not the standard to impose vicarious liability for the intentional tort of an employee." *Id.* at 10-11. This, though, was a non sequitur, because ratification is a theory of direct liability, not a theory of vicarious liability (as the Court explains below).

Because neither party said anything (or at least anything helpful) about the *merits* of Phillips's ratification claim in their briefs, the Court asked the parties at the hearing to submit letter briefs addressing whether Wells Fargo could be held liable for ratifying Rohricht's punch. Both parties submitted letter briefs, but, again, neither party addressed the question of ratification on the merits. Instead, the parties argued again about Minn. Stat. § 549.20 and vicarious liability.

To be clear: The question of whether Wells Fargo can be held *vicariously* liable for Rohricht's punch is distinct from the question of whether Wells Fargo can be held liable for *ratifying* the punch. "By ratifying an act, a principal triggers the legal consequences that would follow had the act been that of an agent acting with actual authority." *Restatement (Third) of Agency* § 4.01 introductory note (2006); *see also Restatement (Second) of Agency § 82* (1958) ("Ratification is the affirmance by a person of a prior act which did not bind him but which was done or professedly done on his account, whereby the act, as to some or all persons, is given effect as if originally authorized by him."); *Acrometal Cos. v. First Am. Bank of Brainerd*, 475 N.W.2d 487, 493 (Minn. Ct. App. 1991) (citing *Restatement (Second) of Agency § 82*). In other

words, when an employer ratifies the tortious act of an employee, the employer makes the tortious act its own; the liability of the employer for the act is thus *direct*, not vicarious. *See Witzman v. Lehrman, Lehrman & Flom*, 601 N.W.2d 179, 185-86 (Minn. 1999) ("We have long relied on the well recognized rule that all who actively participate in any manner in the commission of a tort, or who procure, command, direct, advise, encourage, aid, or abet its commission, *or who ratify it after it is done* are jointly and severally liable for the resulting injury.") (internal quotation marks omitted; emphasis added).

In its opening summary-judgment brief, Wells Fargo argued only that it was not vicariously liable for Rohricht's actions; it never argued that it did not ratify those actions. Def. Mem. Supp. Mot. Partial S.J. at 17-20 [Docket No. 18]. In its reply brief, as discussed above, Wells Fargo noted that Phillips was making a claim for ratification, but then seemed to confuse his ratification claim with his vicarious-liability claim. And finally, in the letter brief that it submitted after oral argument, Wells Fargo addressed only "Plaintiff's assertion that the standard for awarding punitive damages against a principal under Minn. Stat. § 549.20 governs whether an employer should be held vicariously liable for the intentional tort of its employee." Def. Letter, July 24, 2009, at 1 [Docket No. 33].

The Court recognizes that Wells Fargo's letter brief responded to Phillips's own letter brief, which focused only on the applicability of Minn. Stat. § 549.20, which, as Wells Fargo pointed out, is irrelevant.[1] Pl. Letter, July 20. 2009 [Docket No. 34]. At the end of the day,

---

[1] Again, the question of whether Wells Fargo can be held liable *at all* for ratifying Rohricht's punch is distinct from the question of whether, having been found liable, Wells Fargo can be ordered to pay punitive damages. The former is determined by applying agency law; the latter is determined by applying Minn. Stat. § 549.20. The Court did not ask for briefing on damages; the Court asked for briefing on liability.

-5-

though, the Court has not received one word of briefing from either party that would help the Court decide whether Wells Fargo in fact ratified Rohricht's punch. Under these circumstances, the Court will not dismiss the ratification claim.

Finally, the Court denies Wells Fargo's motion for summary judgment on Phillips's claims of intentional discrimination under 42 U.S.C. § 1981 and the Minnesota Human Rights Act ("MHRA"). According to Phillips, whose testimony must be believed at this stage, during a company meeting on October 3, 2007, Rohricht (who is white) yelled "Wake up!" at Phillips (who is black) and punched his head so hard that he fell over onto the person sitting next to him. Phillips Aff. ¶¶ 4-5; Phillips Dep. at 99-101. Phillips then approached Rohricht and complained about Rohricht's actions. Phillips Aff. ¶ 6; Phillips Dep. at 100-03; Ellingstad Aff. Ex. 5 ("Zehourou Dep.") at 40-44; Carlson Aff. ¶ 6. A few days later, Wells Fargo fired Phillips but did not discipline Rohricht. Carlson Aff ¶ 13; Rohricht Aff. ¶ 11 [Docket No. 23].

In short, Phillips's story is that after Rohricht used physical violence against him and he responded with mere words, Phillips (the black man) was fired even though Rohricht (the white man) was not. Phillips contends, and the Court agrees, that such disparate treatment of similarly situated employees is evidence of intentional discrimination in violation of 42 U.S.C. § 1981 and the MHRA. Indeed, Carlson himself — the manager who made the decision to fire Phillips — concedes that if Rohricht punched Phillips, Rohricht should have been immediately fired. Carlson Aff. ¶ 7.

Wells Fargo knows that the Court must assume, for purposes of ruling on its summary-judgment motion, that Rohricht punched Phillips. So Wells Fargo argues instead that there is no evidence that Carlson was *aware* that Rohricht punched Phillips. Def. Mem. Supp. Mot. Partial

S.J. at 7 ("The record is undisputed that Mr. Carlson was unaware of the alleged punch and made his decision based on his good faith belief that Mr. Phillips'[s] conduct warranted termination."). Wells Fargo argues further that, because Carlson did not see any punch, Rohricht and Phillips were *not* similarly situated, as Carlson knew of Phillips's misbehavior, but did not know of Rohricht's.

Wells Fargo's argument is just a thinly veiled attempt to argue that Rohricht did not punch Phillips. Carlson's affidavit makes it clear that he saw the entire encounter between Rohricht and Phillips. Specifically, Carlson says in his affidavit:

> I saw Mr. Rohricht walk up behind Mr. Phillips, bend over toward his ear, and say something to him. Mr. Rohricht then turned around and walked back to his seat. I then observed Mr. Phillips stand up, get out of his chair, follow Mr. Rohricht as he went to his seat, and speak loudly to Mr. Rohricht in a confrontational manner.

Carlson Aff. ¶ 6. In other words, both Carlson and Phillips saw the same encounter. Carlson says that the encounter did not involve a punch. Phillips says that the encounter did involve a punch. This is a classic dispute of fact that must be resolved by the jury. To accept Wells Fargo's argument, the Court would have to both resolve a factual dispute in Wells Fargo's favor and refuse to take reasonable factual inferences in Phillips's favor.

In short, because a reasonable jury could believe Carlson's testimony that he saw the entire encounter, and also believe Phillips's testimony that the encounter witnessed by Carlson involved Phillips being punched by Rohricht, Wells Fargo is not entitled to summary judgment on Phillips's discrimination claims.

ORDER

Based on the foregoing and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The motion of defendant Wells Fargo Bank N.A. for partial summary judgment [Docket No. 16] is GRANTED IN PART as follows:

    a. Phillips's claim against Wells Fargo Bank N.A. for retaliation in violation of 42 U.S.C. § 1981 (Count II of the complaint) is DISMISSED WITH PREJUDICE AND ON THE MERITS.

    b. To the extent that Phillips raises a claim against Wells Fargo Bank N.A. for retaliation in violation of the Minnesota Human Rights Act (Count III of the complaint), the claim is DISMISSED WITH PREJUDICE AND ON THE MERITS.

    c. To the extent that it is based on the doctrine of *respondeat superior*, Phillips's claim against Wells Fargo Bank N.A. for assault (Count IV of the complaint) is DISMISSED WITH PREJUDICE AND ON THE MERITS.

    d. To the extent that it is based on the doctrine of *respondeat superior*, Phillips's claim against Wells Fargo Bank N.A. for battery (Count V of the complaint) is DISMISSED WITH PREJUDICE AND ON THE MERITS.

2. The motion of defendant Wells Fargo Bank N.A. for partial summary judgment [Docket No. 16] is DENIED in all other respects.

Dated: July 30, 2009            s/Patrick J. Schiltz
                                Patrick J. Schiltz
                                United States District Judge